1  P. Kristofer Strojnik, SBN 242728
2  Law Offices of Peter Strojnik
   pstrojnik@strojniklaw.com
3  Esplanade Center III, Suite 700
   2415 East Camelback Road
4  Phoenix, Arizona 85016
5  602.510.9409 (tel.)

6  Attorneys for Plaintiff

7                **UNITED STATES DISTRICT COURT**

8                **CENTRAL DISTRICT OF CALIFORNIA**
9

10 THERESA BROOKE, a married woman
   dealing with her sole and separate claim,    Case No:
11
                        Plaintiff,              **VERIFIED COMPLAINT**
12
13 vs.                                          **(JURY TRIAL DEMANDED)**

14 JSC HOSPITALITY INVESTMENT INC.,
   a California corporation dba Holiday Inn
15 Express Palm Desert,
16
                        Defendant.
17

18     Plaintiff Theresa Marie Brooke alleges:

19                        **PARTIES**

20     1.    Plaintiff Theresa Brooke is a married woman. Plaintiff is legally disabled,

21 and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2),

22 the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the

23 California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due

24 to the loss of a leg.

25     2.    Defendant, JSC Hospitality Investment Inc., owns and/or operates and

26 does business as the hotel Holiday Inn Express Palm Desert located at 74675 Highway

27 111 in Palm Desert, California. Defendant's hotel is a public accommodation pursuant

28

1    to 42 U.S.C. § 12181(7)(A), which offers public lodging services. On information and

2    belief, Defendant's hotel was renovated after March 15, 2012.

3                              **SUMMARY OF ALLEGATIONS**

4           3.      Plaintiff Theresa Brooke brings this action against Defendant, alleging

5    violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et

6    seq., (the "ADA") and its implementing regulations and the California Unruh Civil

7    Rights Act ("Unruh"), California Civil Code §§51, 52. Specifically, Plaintiff brings this

8    action because Defendant's hotel has stairs at the entrance of its lobby area precluding

9    entrance into the lobby by someone who ambulates with the use of a wheelchair.

10                                    **JURISDICTION**

11          4.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42

12   U.S.C. § 12188.

13          5.      The Court has supplemental jurisdiction over the state law claim. 28

14   U.S.C. § 1367. *See also Johnson v. Mariani*, No. 17-01628-BLF (N.D. Cal. Jul. 10,

15   2017); *Johnson v. United Rentals Nw., Inc.*, No. 11-00204, 2011 WL 2746110, at *4.

16          6.      Plaintiff's claims asserted herein arose in this judicial district and

17   Defendant does substantial business in this judicial district.

18          7.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c)

19   in that this is the judicial district in which a substantial part of the acts and omissions

20   giving rise to the claims occurred.

21                                     **ALLEGATIONS**

22          8.      Plaintiff formerly worked in the hospitality industry and her husband

23   works in the travel industry. She and her husband are avid travelers to California for

24   purposes of leisure travel, court-related hearings, conferences and inspections, and to

25   "test" whether various hotels across the Country comply with disability access laws.

26   She has been to California countless times over the past few years for purposes of

27   checking ADA compliance, leisure travel, and court-related conferences.

28

9.      Plaintiff and her husband traveled to the Desert Cities in mid-October and mid-November 2020 for purposes of leisure travel and to test accessibility at local hotels.

10.      During this trip, Plaintiff personally visited Defendant's hotel and stopped at Defendant's hotel and tried to enter the lobby area. However, upon reaching the lobby entrance, there are several steps to reach the lobby entrance, which precluded Plaintiff from entering the lobby.

11.      Plaintiff looked around for a sign directing her to an accessible entrance, but there was none.

12.      Deterred and physically unable to enter the lobby area, Plaintiff did not and could not enter the lobby.

13.      Plaintiff is deterred from visiting Defendant's hotel in the future until and unless Defendant remedies the barrier referenced above. Plaintiff intends on visiting the Desert Cities again in December and February for leisure and further ADA testing and will visit Defendant's hotel if it remediates the barrier at issue. If remediation occurs, Plaintiff can then gain equal access as able-bodied consumers.

14.      It is readily achievable to provide for an accessible entrance to the lobby or providing a sign directing a disabled patron to an accessible entrance.

15.      Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel in violation of her rights under the ADA.

16.      Other potential violations and barriers to entry at Defendant's hotel may be discovered during this litigation. It is Plaintiff's intention to cure all ADA violations at this hotel in one lawsuit as opposed to doing so in piecemeal litigation, and so she will amend this Complaint pursuant to *Doran* if additional ADA violations are discovered during the case.

## **FIRST CAUSE OF ACTION**

17. Plaintiff incorporates all allegations heretofore set forth.

3

18.     Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

19.     Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

20.     In violation of the ADA, Defendant's hotel precludes entrance into the lobby for a disabled person in a wheelchair.

21.     Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

22.     Defendant's conduct is ongoing, and, given that Defendant has never fully complied with the ADA's requirements that public accommodations make lodging services fully accessible to, and independently usable by, disabled individuals, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

23.     Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its passenger loading zone be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

4

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that all of its hotel is fully accessible to, and independently usable by, disabled individuals;

b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its hotel into full compliance with the requirements set forth in the ADA;

c. Payment of costs and attorney's fees;

d. The provision of whatever other relief the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION

24. Plaintiff realleges all allegations heretofore set forth.

25. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

26. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

27. Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

28. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

29. Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.  A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b.  Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its hotel into full compliance with the requirements set forth in the ADA;

c.  Payment of costs and attorney's fees;

d.  For damages in the amount of $4,000.00, the statutory minimum, and not more; and

e.  The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 19th day of November, 2020.

/s/ P. Kristofer Strojnik
P. Kristofer Strojnik (242728)
Attorneys for Plaintiff

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 17th day of November, 2020.

_____
Theresa Marie Brooke

6